**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DENTAL USA, INC.<br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>JAYSON B. MCCLELLAN, et al.<br>　　　　Defendants. | No. 13 CV 260<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Dental USA, Inc.'s ("Dental USA") motion for a Temporary Restraining Order and Injunction. For the following reasons, the motion is GRANTED in part and DENIED in part.

I.　　BACKGROUND

The following facts are alleged in the First Amended Complaint. Dental USA is an Illinois corporation that supplies dental instruments. Dental USA was established in 2000. On June 5, 2012, the United States Patent and Trademark Office ("USPTO") granted Plaintiff a trademark registration for "Dental USA." Plaintiff sells a dental instrument called a "Power Elevator," a leveraging device used to extract teeth. On June 25, 2013, the USPTO granted Plaintiff trademark registrations for "Power Elevator." Plaintiff has a patent application for the Power Elevator pending before the USPTO. On June 11, 2013, the USPTO granted Plaintiff United States Design Patent No. 684,264 (the "'264 Patent"), which covers a certain ornamental design for a dental tool handle.

Defendant Jayson B. McClellan ("McClellan") is a former sales representative of Dental USA. He left the company in April 2012. In November 2012, McClellan and his business

partner Shabbir A. Gul ("Gul") formed United Dental USA, a dental supply company that directly competes with Plaintiff. United Dental USA sells an instrument called a "Misch Power Elevator," which performs the same function as the Power Elevator and is alleged to share the same essential design.[1] Defendants operate a website at www.uniteddentalusa.com and www.mischinstruments.com. Plaintiff alleges that Defendants' website contains images and other material that was lifted from Plaintiff's copyrighted catalogue.

Plaintiff has filed suit against Defendants alleging trademark infringement, patent infringement, copyright infringement and various unfair trading practices. In the instant TRO motion, Plaintiff seeks the following relief: (1) an injunction barring Defendants from using the name "United Dental USA" at upcoming trade shows; (2) an injunction barring Defendants from selling the Misch Power Elevators and any tools that infringe upon the '264 Patent; 3) an injunction barring Defendants from selling infringing products on its website and ordering Defendants to remove copies of Plaintiff's copyrighted work from its website; and 4) seizure of counterfeit goods.

II.     LEGAL STANDARD

A plaintiff seeking a preliminary injunction must make a four-part showing: (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).

III.    ANALYSIS

A. The United Dental USA Mark

---

[1] Dr. Carl E. Misch is a prominent dentist with whom Plaintiff had a prior business relationship. The nature of the relationship is not entirely clear—Plaintiff represents that it formed a relationship with Dr. Misch mostly for purposes of gaining his endorsements for its products. Originally, Plaintiff marketed the power elevator as the "Misch Power Elevator." Defendants allege that Dr. Misch had a central role in designing the power elevator instrument. It now appears that Dr. Misch has formed a business relationship with Defendants.

On August 12, 2013, the Court held a preliminary injunction hearing. At the hearing, Defendants' counsel represented that Defendants would desist from using the name "United Dental USA" at an upcoming trade show in San Francsico. I will hold Defendants to that agreement, and further enjoin Defendants from using "United Dental USA" at any future trade show that occurs prior to a decision in this case on the merits. I further order that Defendants take down the web address www.uniteddentalusa.com until a final judgment is entered in this case. This order is based on the following analysis.

1. Likelihood of Success on the Merits

Plaintiff claims that Defendants' use of the name "United Dental USA" constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a). In order to prevail on its trademark infringement claim, Plaintiff must establish that "Dental USA" is a protectable trademark and that Defendants' use of the term "United Dental USA" is likely to cause confusion among consumers. *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 812 (7th Cir. 2002). Preregistration of Plaintiff's Dental USA trademark is *prima facie* evidence of the mark's validity, *Id.*, which Defendants do not dispute.[2] Therefore, I examine whether consumers would be confused by Defendants' use of "United Dental USA."

In the Seventh Circuit, the likelihood of consumer confusion test centers around seven factors: (1) the similarity between the marks in appearance and suggestion, (2) the similarity of the products, (3) the area and manner of concurrent use of the products, (4) the degree of care likely to be exercised by consumers, (5) the strength of the plaintiff's marks, (6) any evidence of actual confusion, and (7) the defendant's intent to palm off its goods as those of plaintiff's. *Id*.

---

[2] To be clear, Defendants do not dispute that Plaintiff has a registered trademark for "Dental USA." Defendants do believe that they would be able to defeat the "Dental USA" mark via a cancellation proceeding on the grounds that it is generic. Defendants' have not made an adequate showing on this point to rebut Plaintiff's *prima facie* showing as to the mark's validity.

The similarity of the marks, the defendant's intent, and evidence of actual confusion are of greatest importance, so that is where I begin my analysis. *Id*.

"Dental USA" and "United Dental USA" are self-evidently very similar marks. Adding the word "United" does little to distinguish Defendants' mark, given that the word "United" is expressed in abbreviated form in Plaintiff's mark—indeed, it tends to enhance the likelihood of confusion. There is also considerable circumstantial evidence of Defendants' intent to palm off its goods as those of Plaintiff's. First, Defendants, rather confusingly, use two names for their company: "Misch Instruments" and "United Dental USA." "Misch Instruments" appears to be the more heavily used mark—it appears most prominently on the advertising materials that Defendants use at trade shows. It is unclear what purpose the second name "United Dental USA" could possibly serve other than to divert a few customers who intended to visit the "Dental USA" booth (or website). More compellingly, there is evidence that Defendants are using Plaintiff's part numbers and product images in marketing their instruments. Whether or not the part numbers are protected, Defendants' use of them evidences intent to confuse consumers.

Finally, there is at least some evidence of actual consumer confusion. Plaintiff has submitted a sworn declaration of Jang Lim, president of Dental USA, attesting to the fact that he has "been approached by potential customers, including dentists, who were confused regarding the source of Defendants' products based on the confusingly similar name[s]." (Pl.'s Ex. A, ¶ 25). Standing alone, this evidence is not particularly compelling—it is, as Defendant argues, vague and self-serving. But in light of the obvious similarities between the marks, and the fact that the parties sell essentially identical products at the same trade shows, I give some weight to the declaration.

4

The other factors also cut in Plaintiff's favor. The products are virtually identical, and they are sold at the same trade shows and used in the same areas and manners. It is true that the customers are sophisticated professionals, and the strength of the "Dental USA" mark is not clear to me. Nevertheless, I find that Plaintiff has made the necessary showing of a likelihood of success on the merits.

2.  Likelihood of Irreparable Harm in the Absence of Preliminary Relief

Injuries arising from Lanham Act violations are presumed to be irreparable, even absent a showing of business loss. *Abbot Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 16 (7th Cir. 1992). Given the similarity of the products, Mr. Lim's affidavit, and the fact that the parties compete for business at the same trade shows (this weekend in San Francisco, sitting very close to one another), I am satisfied that Plaintiff has demonstrated a likelihood of actual business loss.

3.  Balance of the Equities

I find that the balance of the equities tips in Plaintiff's favor. Given that Defendants use two different names, and "Misch Instruments" is the dominant name, I do not think they will be harmed by an injunction prohibiting them from using the second name "United Dental USA." Allowing them to continue using both names, on the other hand, would likely lead to unfair business loss for Plaintiff.

4.  Public Interest

The public has a strong interest in the enforcement of intellectual property rights and fair competition laws—they spur innovation and instill trust and predictability in the economy. The public also has an interest in vigorous competition between companies. If I thought any of these measures would put Defendants out of business, this would be a closer call. Because I do not think a preliminary injunction will substantially impact Defendants' ability to compete (they are

allowed to continue using the more widely used "Misch Instruments" name, they are not prohibited from selling any type of instrument, only a small portion of sales (about 10% estimated) take place on the internet, so the removal of certain images will have, at most, a marginal impact on sales), I find that the public interest clearly tips in Plaintiff's favor.

B.    <u>The Alleged Infringing Products</u>

I am denying Plaintiff's motion to enjoin Defendants from selling the actual Misch Power Elevator instrument, or any products that are alleged to infringe the '264 patent. Plaintiff does not hold a patent over the power elevator and thus it does not have standing to seek an injunction on the sale of the instrument itself. As for products that allegedly infringe the '264 patent, I am unsatisfied with the record that Plaintiff has presented. As far as I can tell, the only evidence I have of an infringing instrument is Exhibit M to the First Amended Complaint, which, in the middle of the photograph, reveals a dental tool with two riveted handles. I am not sufficiently persuaded that this tool infringes upon the patented dental tool handle as it appears in Exhibit F to enjoin the sale of this product. I have no other evidence of infringing products before me.

I am, however, enjoining Defendants from using the mark "Misch Power Elevator" beginning on August 19, 2013 through final judgment in this case. Defendants are free to market the instrument under any name that does not contain the mark "power elevator," such as "Misch Elevator" or "Misch Dynamic Elevator." This order is based on the following analysis.

1.    Likelihood of Success on the Merits

There is no dispute that Plaintiff holds a registered mark for "Power Elevator." I therefore turn to the likelihood of consumer confusion analysis. I find the likelihood of consumer confusion to be high. Again, the product names are self-evidently similar. "Misch" is not a strong, distinctive first term in the context of this case because Plaintiff originally marketed

6

its own power elevators as "Misch Power Elevators" before Dr. Misch broke away from Plaintiff and formed a business relationship with Defendants. Thus, the use of "Misch" tends to add to the confusion because it is a mark originally used by Plaintiff. I also find there to be sufficient evidence of Defendant's intent to pawn off its product as Plaintiff's. The word "power" is more suggestive than descriptive of the underlying instrument—the device is not powered by anything other than the strength of its user. This means the term receives heightened protection, and it also suggests that Defendants are using the term "power" to create confusion rather than as a necessary descriptor. Finally, Lim's affidavit provides the same support for actual confusion as described above. The other factors cut for and against Plaintiff in the exact same way as laid out above, and again I find the upshot to be an adequate showing of likelihood of success on the merits.

      2.      Likelihood of Irreparable Harm in the Absence of Preliminary Relief

Again, injuries arising from Lanham Act violations are presumed to be irreparable, even absent a showing of business loss. *Abbot Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 16 (7th Cir. 1992). Given the similarity of Defendants' Misch Power Elevator and Plaintiff's "power elevator," Mr. Lim's affidavit, and the fact that the parties compete for business at the same trade shows (often sitting very close to one another), I am satisfied that Plaintiff has demonstrated a likelihood of actual business loss.

      3.      Balance of the Equities

I am delaying this portion of the injunction until August 19, 2013, because I think it would pose an undue hardship for Defendants to change their marketing material at the last minute before the San Francisco trade show. With this caveat in mind, I find that the balance of equities tips in favor of the Plaintiff. Plaintiff holds a valid registration over the "Power

Elevator" mark and has a legal right to enforce it. Defendants will not be unduly burdened by simply dropping the word "power" from its marketing materials.

    4.    Public Interest

Again, the public has an interest in the enforcement of intellectual property rights. Nothing about this injunction should prevent Defendants from competing effectively with Plaintiff. The public interest tips in Plaintiff's favor.

C.    Defendants' Website

For the same reasons given in subsection A, Defendants are ordered to remove the web address www.uniteddentalusa.com. Defendants are also ordered to remove images and other material from their website over which Plaintiff holds a valid copyright. I am denying Plaintiff's motion to enjoin Defendants from selling allegedly infringing products for the reasons given in subsection B. This portion of my order is based on the following analysis.

    1.  Likelihood of Success on the Merits

To establish copyright infringement under 17 U.S.C. § 501 a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Defendants do not dispute that there is a valid copyright over images and material that appear on Plaintiff's website and in its catalogue. Instead, they argue that there are material facts as to who actually owns the rights, given that at least one of the Defendants was allegedly involved in creating some of the materials.

Plaintiff has submitted its Certificate of Copyright Registration in the Product Catalog for Dental USA. The certificate provides *prima facie* evidence of the ownership and validity of the copyright, which can be rebutted by Defendants. *See* 17 U.S.C. 410(c). To rebut the

presumption of ownership and validity, Defendants have submitted the sworn declaration of Defendant Pardy. I do not find this statement to be adequate to rebut the presumption created by the certificate of registration. Pardy's statement is vague and does not detail 1) the specific artwork/photographs/marketing materials he helped create; 2) which of this material appears in the copyrighted catalogue. Without any further evidence to rebut the presumption, I find that Plaintiff has made an adequate showing of a likelihood of success on the merits.

    2.    Likelihood of Irreparable Harm in the Absence of Preliminary Relief

For copyright claims, a showing of a likelihood of success on the merits entitled the holder to a rebuttable presumption of irreparable harm. *See Spinmaster, Ltd. v. Overbreak LLC*, 404 F.Supp.2d 1097, 1111 (N.D. Ill. 2005). As far as I can tell, Defendants do not even attempt to rebut the presumption (or explain why the presumption should not apply here). Plaintiff has therefore made the necessary showing.

    3.    Balance of the Equities

I find that the balance of the equities tips in Plaintiff's favor. Plaintiff has made an adequate showing of a valid copyright interest over certain material. It is clear the Defendants have used some of this material on their website (Defendants' website contains images of instruments with "Dental USA" written on them). Removing the images from their website will not threaten Defendants' business—almost all of their sales are made at trade conventions. Aside from infringing on Plaintiff's copyright, allowing Defendants to continue to use the images would provide them an unfair competitive advantage and will likely perpetuate consumer confusion.

    4.    Public Interest

The public interest tips decidedly in favor of Plaintiff. The public has a strong interest in enforcement of copyright protections. Again, removal of copyrighted images from Defendants' website will not threaten its ability to compete with Plaintiff.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a preliminary injunction is GRANTED in part and DENIED in part. Defendants are hereby ordered to:

(1) Desist from using the mark "United Dental USA" in commerce until final judgment is reached in this case.

(2) On August 19, 2013, desist from using the mark "Misch Power Elevator" in commerce until final judgment is reached in this case.

(3) Remove any and all material from their website that is covered by Copyright Registration Number TX0007604686, issued on August 17, 2012, until final judgment is reached in this case.

ENTER:

James B. Zagel
United States District Judge

DATE: August 16, 2013